IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JIM AANA, et al. | ) | CV. NO. 12-00231 JMS-BMK |
|---|---|---|
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION THAT |
| vs. | ) ) | PLAINTIFFS' MOTION TO REMAND BE DENIED |
| PIONEER HI-BRED INTERNATIONAL, INC., et al. | ) ) ) ) | |
| Defendants. | ) ) ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO
REMAND BE DENIED

Before the Court is Plaintiffs' Motion to Remand (Doc. # 9.) After careful consideration of the motion, the supporting and opposing memoranda, the attached documentation, and the arguments of counsel, the Court FINDS and RECOMMENDS that Plaintiffs' motion be DENIED.

BACKGROUND

Defendant Pioneer Hi-Bred International Inc. ("Pioneer") is an Iowa corporation, that conducts farming operations in Waimea, Kauai. (Doc. # 20, Bunz Decl. at ¶ 3.) Plaintiffs are residents of Waimea. (Compl. at ¶ 4.) Prior to filing the complaint in this case, Plaintiffs informed Pioneer that they may file suit because of the dust produced by its farming operations. (Doc. # 19, Price Decl. at

¶ 3.) On March 14, 2011, the parties agreed to mediation. (Id. at ¶ 6.) Defendant Gay & Robinson was not a party to those proceedings. (Id. at ¶¶ 7, 10.) During mediation, Plaintiffs apparently made demands in excess of $5,000,000. (Id. at ¶¶ 17, 18.)

On December 13, 2011, Plaintiffs filed the complaint in the instant case in the Circuit Court of the Fifth Circuit. (Doc. # 1, Ex. A.) Plaintiffs alleged that Pioneer leased fields in Waimea, Kauai from Defendants Gay & Robinson, Inc. and Robinson Family Partners ("the Robinson defendants"). (Compl. at ¶ 10.) Plaintiffs alleged that Pioneer conducts open air-testing of genetically modified crops, which allows dust to damage their surrounding properties. (Id. at ¶¶ 11, 17.) Plaintiffs asserted claims against Pioneer for negligence, strict liability, trespass, and nuisance. With respect to the Robinson defendants, Plaintiffs asserted a claim of "Landlord Liability for Acts of Tenant," seeking to hold the Robinson defendants jointly and severally liable for Pioneer's conduct. (Id. at ¶ 136.)

On May 4, 2012, Defendants filed their notice of removal, asserting that the case constitutes a "mass action" under the Class Action Fairness Act ("CAFA"). (Doc. # 1 at 9.) Plaintiffs then filed their motion to remand, asserting that this case is not a mass action, that the "local controversy" and "interests of justice" exceptions apply, and that Defendants' removal is untimely. (Doc. # 9.)

Based on the discussion below, the Court finds and recommends that Plaintiff's motion to remand be denied.

DISCUSSION

I.   This Case Is a Mass Action Under CAFA.

28 U.S.C. § 1332(d) provides district courts with jurisdiction over certain class actions and mass actions. CAFA provides that "a mass action shall be deemed to be a class action" removable under CAFA so long as the rest of CAFA's jurisdictional requirements are met. 28 U.S.C. § 1332(d)(11)(A); Tanoh v. Dow Chemical Co., 561 F.3d 945, 952 (9th Cir. 2009). A mass action is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). Jurisdiction only exists over plaintiffs alleging over $75,000 in damages. Id. CAFA also requires the amount in controversy to exceed $5,000,000, and at least one member of the class must be diverse from any defendant. 28 U.S.C. § 1332(d)(2); Tanoh, 561 F.3d at 952. Additionally, a mass action does not include an action in which "all of the claims in the action arise from <u>an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State</u> . . . ." 28 U.S.C. § 1332(d)11(B)(ii)(I) (emphasis added).

In this case, Plaintiffs do not dispute that the amount in controversy exceeds $5,000,000 or that there are more than 100 plaintiffs. Rather, they assert that this case does not meet the definition of a mass action because: 1) some plaintiffs have claims that do not meet the $75,000 requirement under 28 U.S.C. § 1332(a); and 2) the claims in this case arise from an action occurring on Kauai. (Mem. in Supp. of Mot. at 6-7.) As discussed below, these arguments are not persuasive.

Although CAFA only allows jurisdiction over plaintiffs that have alleged at least $75,000, the Ninth Circuit has not addressed whether mass actions must have at least 100 plaintiffs with claims exceeding $75,000 for the district court to have jurisdiction over the action. See Tanoh, 561 F.3d at 953 n.4. It is unnecessary for the Court to decide this question because Plaintiffs have not shown that this action consists of less than 100 plaintiffs claiming damages of at least $75,000. In their opposition to the motion, Defendants have provided Plaintiffs' Rule 26(a) disclosure. In that document, Plaintiffs assert that they are seeking $20,000,000 for damage to their property, $9,000,000 for damage to their use and enjoyment of their property, and $8,000,000 for the loss in value to their property. (Price Decl., Ex. E at 4-5.) The per plaintiff damages sought are much higher than $75,000, and in the absence of evidence indicating that particular plaintiffs fall

4

below that threshold, this action meets the statutory requirements of a mass action.

Second, 28 U.S.C. § 1332(d)(11)(B)(ii)(I) excludes cases in which "all of the claims in the action arise from <u>an event or occurrence</u> in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State . . . ." (Emphasis added.) The Ninth Circuit has held that this "exclusion applies only where all claims arise from a <u>single</u> event or occurrence." <u>Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 668 (9th Cir. 2012). "The legislative history of CAFA supports this interpretation, making clear that the exception was intended to apply 'only to <u>a truly local single event</u> with no substantial interstate effects' in order to 'allow cases involving environmental torts such as a chemical spill to remain in state court if both the event and the injuries were truly local.'" <u>Id.</u> (emphasis added) (quoting S.Rep. No. 109–14, at 41 (2005)); <u>see also</u> <u>Lafalier v. Cinnabar Service Co., Inc.</u>, Civ. No. 10-0005 CVE-TLW, 2010 WL 1486900, at *4 (N.D. Okla. Apr. 13, 2010) (jurisdiction proper under CAFA because there is "no single event or occurrence giving rise to plaintiffs' claims but, instead, there is a series of potentially related events."). Plaintiffs' complaint alleges that Pioneer failed to prevent soil erosion and routinely allowed pesticides and dust to drift into the neighboring community for over a decade. (Compl. at ¶¶ 10, 14, 16, 19, 33, 38) These actions do not

5

constitute a single event as contemplated by Nevada. Additionally, although Plaintiffs assert that Defendants' actions could constitute a single transaction under state law, they have not produced any authority indicating that those tenets apply to CAFA. In light of the guidance provided by Nevada, this case is a mass action.

II. The Local Controversy Exception Does Not Apply.

28 U.S.C. § 1332(d)(4)(A) provides that district courts "shall decline to exercise jurisdiction" over an action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant--
>
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > (cc) who is a citizen of the State in which the action was
>
> originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed . . . .

Defendants assert that the Robinson defendants' conduct does not form a "significant basis" of Plaintiffs' claims. (Mem. In Op. at 17.) In evaluating the significant basis factor, "CAFA's language unambiguously directs the district court to look only to the complaint . . . ." Coleman v. Estes Exp. Lines, Inc., 631

6

F.3d 1010, 1015 (9th Cir. 2011).

The complaint indicates that the Robinson defendants' conduct is not a significant basis for Plaintiffs' claims. Plaintiffs allege that the Robinson defendants leased property to Pioneer despite knowing that its testing operations created a risk of errant dust and pesticides. (Compl. at ¶¶ 130, 132.) The complaint does not allege any affirmative conduct on the part of the Robinson defendants. The only claim alleged against the Robinson defendants is "Landlord Liability for Acts of Tenants." (Id. at 20.) The Robinson defendants' conduct is not a significant basis for plaintiffs' claims because the complaint hinges on Pioneer's actions and alleges that the local defendants are jointly and severally liable for Pioneer's conduct. Other courts have held that the mere fact that plaintiffs seek joint and several liability does not establish the significant basis criterion. See Evans v. Walter Industries, Inc., 449 F.3d 1159, 1167 n.7 (11th Cir. 2006) ("[T]he mere fact that relief might be sought against U.S. Pipe for the conduct of others (via joint liability) does not convert the conduct of others into conduct of U.S. Pipe so as to also satisfy the 'significant basis' requirement.").[1]

---

[1] Plaintiffs' reliance on Coleman and Smith v. Kawailoa Development LLP is unpersuasive, because in those cases the local defendants had a more active role in the case. For instance, in Coleman, the complaint alleged that the local defendant "employed the putative class members during the relevant period, and that [it] . . . violated California law in a number of ways with respect to those employees." 631 F.3d at 1020. In Smith, this Court held that the local controversy exception applied where the local defendant employed the plaintiffs and failed to

7

III.     The Interests Of Justice Exception Does Not Apply.

28 U.S.C. § 1332(d)(3) provides that "district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . <u>over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed</u>" after considering six factors.[2]  This provision does not apply

---

make proper payments to them.  Civ. No. 11-00350 JMS-BMK, 2011 WL 6749793, at *4 (D. Haw. Dec. 22, 2011).  <u>Coleman</u> and <u>Smith</u> and distinguishable because the local defendants had a more significant role in the conduct giving rise to the case.

[2]     The factors are:

"(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed."

because it is undisputed that all Plaintiffs are citizens of Hawaii, and the primary defendant, Pioneer, is a citizen of a different state. Thus, neither prerequisite of the interest of justice exception is met.

IV. Defendants' Removal Is Timely.

28 U.S.C. § 1446(b) requires a defendant to remove a case within thirty days of receiving a copy of the complaint. If the case stated by the initial pleading is not removable, defendant must file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. at § (b)(3). Plaintiffs assert that the case against Defendants was removable on March 15, 2012, when Plaintiffs' counsel emailed damage estimates to Defense counsel. (Mem. In Supp. of Mot. at 20.) Defendants assert that the case was not removable until April 10, 2012, when they received information indicating that the amount in controversy exceeded the jurisdictional minimum. (Mem. In Op. at 24.)

Defendants timely filed their notice of removal because they removed the case within thirty days from receiving notice that Plaintiffs' complaint met the $5,000,000 jurisdictional minimum. Plaintiffs' argument regarding the March 15, 2012, email is not persuasive because that email only establishes that several

9

plaintiffs were claiming $602,959.51 in damages. (See Mem. In Supp. of Mot., Ex. 3.) Thus, it was not ascertainable from the March 15 email that the case was removable.

Any prelitigation mediation demands also could not have triggered the thirty day removal period. See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 885 (9th Cir. 2010) (stating that "is axiomatic that a case cannot be removed before its inception" and holding that documents filed prior to the litigation could not trigger the thirty day removal period). Additionally, the mediation took place between Pioneer and the Plaintiffs, and Plaintiffs have not established that the Robinson defendants had prior notice that their claims exceeded $5,000,000 in damages.

Finally, Plaintiffs argue that an April 9 email and April 10 phone conversation did not establish that the Defendants could use their mediation demand as an estimate of their damages. (Reply at 11.) This argument is irrelevant because Plaintiffs' Rule 26(a) disclosure establishes that they are currently seeking damages above $5,000,000, and Plaintiffs have not shown that Defendants knew Plaintiffs' claims exceeded the jurisdictional minimum more than 30 days prior to removal. Thus, Defendants have established that this Court has jurisdiction over the case and that their notice of removal is timely.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' motion to remand be DENIED.

DATED: Honolulu, Hawaii, July 21, 2012.

IT IS SO FOUND AND RECOMMENDED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Aana v. Pioneer Hi-Bred International, Inc., Civ. No. 12-00231 JMS-BMK, FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE DENIED