IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JIM AANA, et al., on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., a DuPont Business and Iowa Corporation, GAY & ROBINSON, INC., a Hawaii corporation; ROBINSON FAMILY PARTNERS, a general partnership registered in Hawaii; and DOE DEFENDANTS 1-10,<br><br>       Defendants. | CIVIL NO. 12-00231 LEK-BMK |

## ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR REMAND

Before the Court is Plaintiffs' Renewed Motion for Remand ("Motion"), filed on February 7, 2013. Defendants Pioneer Hi-Bred International, Inc. ("Pioneer"), Gay & Robinson, Inc., and Robinson Family Partners (together, "Robinson Defendants) (all three collectively, "Defendants"), filed their memorandum in opposition on March 25, 2013, and Plaintiffs filed their sealed reply on April 1, 2013. On March 14, 2013, the Court granted Defendants leave to file their sealed surreply. This matter came on for hearing on April 15, 2013. Appearing on behalf of Plaintiffs were Gerard A. Jervis, Esq., and Patrick Kyle Smith, Esq., and appearing on behalf of Defendants were Michael M.

Purpura, Esq., Michael J. Scanlon, Esq., and Adam D. Friedenberg, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiffs filed their Complaint on December 13, 2011 in the Circuit Court of the Fifth Circuit, State of Hawai`i ("the State Court"). [Dkt. no. 1, Exh. A.][1] Pioneer is an Iowa corporation with its principal place of business in Iowa. It conducts farming operations on property leased from the Robinson Defendants, citizens of Hawai`i. [Second Am. Compl. at ¶ 10.] Plaintiffs are residents of Waimea, Kauai. [Comp. at ¶ 4.]

The Complaint alleged six claims for relief against Defendants: negligence (Counts 1-3), strict liability (Count 4), trespass (Count 5), and nuisance (Count 6). [Compl. at ¶¶ 71-128.] All claims are based on the allegation that farming activities conducted by Pioneer (on land Pioneer leased from the Robinson Defendants)) caused dust and dangerous pesticides to blow into the Waimea community and environment. [Id. ¶ 72.] The Complaint alleged one claim of relief against the Robinson

---

[1] Prior to filing the Complaint, Plaintiffs informed Pioneer that they may file suit because of the dust produced by its farming operations. [Dkt. No. 19.] On March 14, 2011, the parties agreed to mediation. Defendant Gay & Robinson was not a party to those proceedings. The mediation was ultimately unsuccessful and the instant suit was filed.

2

Defendants for "Landlord Liability for Acts of Tenant" (Count 7). As landlords of Pioneer, Plaintiffs claimed that the Robinson Defendants should be held "jointly and severally liable for negligence, negligence per se, strict liability, nuisance and trespass committed by Pioneer." [Id. at ¶ 136.]

### A. Removal

On May 4, 2012, Defendants filed their Notice of Removal of Mass Action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as under the Class Action Fairness Act, 28 U.S.C. § 1453 ("CAFA"). [Dkt. no. 1 (Notice of Removal).] Defendants asserted that removal was proper under CAFA as there were more than 100 plaintiffs, the amount allegedly in controversy is more than $5 million, and Pioneer is diverse from all Plaintiffs. [Notice of Removal at ¶¶ 12-20.]

### B. First Motion to Remand

Plaintiffs filed a Motion to Remand on May 25, 2012. [Dkt. no. 9.] Plaintiffs argued that the instant case is not a mass action, that the "local controversy" and "interests of justice" exceptions apply, and that Defendants' removal was untimely.

On July 24, 2012, Magistrate Judge Barry M. Kurren issued his Findings and Recommendation that Plaintiff's Motion to Remand Be Denied. 2012 WL 3542503. The magistrate judge found that the case did constitute a mass action under 28 U.S.C. §

1332.  Plaintiffs did not dispute that the amount in controversy exceeds $5,000,000 or that there are more than 100 plaintiffs.

The magistrate judge rejected Plaintiffs' argument that 28 U.S.C. § 1332(d)(11)(B)(ii)(1), which excludes cases in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States continuous to that State[,]" applies to the instant case.  The magistrate judge noted that the Ninth Circuit has held that the exclusion applies only where all claims arise from a single event or occurrence.  [Id. at *2 (citing Nevada v. Bank of America Corp., 672 F.3d 661, 668 (9th Cir. 2012)).]  In the instant case, however, Plaintiffs' Complaint alleges that Pioneer's failed to prevent soil erosion and routinely allowed pesticides and dust to drift into the neighboring community for over a decade.

The magistrate judge likewise found that the local controversy exception in 28 U.S.C. § 1332(d)(4)(A) inapplicable, finding that, based upon the allegations in the Complaint, the Robinson Defendants' conduct does not form a "significant basis" of Plaintiffs' claims such that the exception should apply.  The magistrate judge noted that the mere fact that Plaintiffs sought joint and several liability did not establish a significant basis, and that Plaintiffs' claims essentially rest on Pioneer's conduct.  [Id. at *3.]  The magistrate judge also found that the

4

interests of justice exception did not apply because it is undisputed that all Plaintiffs are citizens of Hawai`i, and the primary defendant, Pioneer, is a citizen of a different state (Iowa).  Thus, neither prerequisite of the interests of justice exception was met.  [Id.]

Thus, the magistrate judge recommended denying Plaintiffs' motion for remand.  Plaintiffs did not object to the magistrate judge's Findings and Recommendation, and this district court adopted the Findings and Recommendations on August 16, 2012. 2012 WL 363150.[2]  Plaintiffs did not appeal.

### C. Amended Complaint

On August 22, 2012, Defendants moved to dismiss Count 7 of the original Complaint (the sole count against the Robinson Defendants).  [Dkt. no. 32.]  On November 16, 2012, after briefing on that motion was concluded, but before a hearing was held, Plaintiffs filed a motion for leave to amend the Complaint. [Dkt. no. 88.]  The Court granted Plaintiffs leave to file the Second Amended Complaint on January 7, 2013.  [Dkt. no. 112.] Defendants' motion to dismiss was denied without prejudice as moot thereafter.  [Dkt. no. 114.]

Plaintiffs filed their Second Amended Complaint on February 6, 2012 ("Amended Complaint").  [Dkt. no. 128.]  The

---

[2] This case was reassigned to this Court on November 27, 2012.  [Dkt. no. 97.]

Amended Complaint alleges: (1) negligence against all Defendants for failure to use due care (Count 1); (2) negligence for failure to investigate and warn against all Defendants (Count 2); (3) negligence per se against all Defendants (Count 3); (4) strict liability against Pioneer (Count 4); (5) trespass against all Defendants (Count 5); (6) nuisance against all Defendants (Count 6); (7) negligent and intentional misrepresentation against all Defendants (Count 7); and (8) landlord liability for the acts of a tenant against the Robinson Defendants (Count 8).

I.  **Motion**

Plaintiffs base their renewed Motion on the new substantive allegations in the Second Amended Complaint.  In the instant Motion, Plaintiffs first argue that CAFA is not intended to apply to local controversies that concern damages and claims that arise in the same state.  Specifically, Plaintiffs argue that CAFA's local controversy exception should apply in the instant case.  [Mem. in Supp. of Motion at 4 (citing 28 U.S.C. § 1332(d)(4)(A)(i)).

Plaintiffs emphasize that the purpose of the exception is to keep actions "with a truly local focus" in state courts that "have a strong interest in adjudicating such disputes." [Mem. in Supp. of Motion at 5 (quoting S. REP No. 109-14, at 39 (2005)).]  Plaintiffs argue that this is such a case: the claims

concern Waimea residents, Waimea property, Waimea injuries, Hawai`i statutes and ordinances, a Hawai`i corporation, and one out-of-state company doing business in Waimea.  Thus, the case is of purely local concern and should be adjudicated in state court. [Id.]

Plaintiffs argue that their claims satisfy the first and third prongs of CAFA's local controversy exception: as to the first prong, relating to the citizenship of the plaintiff class, it is undisputed that all of the 152 Plaintiffs are citizens of Hawai`i.  [Id. at 6 (citing Notice of Removal at 10).]  As to the third prong, relating to where the principal injuries complained of occurred, the Plaintiffs claims all involve harm to Waimea residents' property.  [Id.]

As to the second prong of the local controversy exception, Plaintiffs argue that it is satisfied because the Robinson Defendants are "significant" in the instant suit.  In determining whether a defendant is significant for CAFA purposes, Plaintiffs emphasize, the Court must look only to the complaint. [Id. at 7 (citing Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010, 1015 (9th Cir. 2011)).]  Here, Plaintiffs first note that the Robinson Defendants are citizens of Hawai`i for purposes of jurisdiction.  [Id. at 7-8.]  Second, Plaintiffs argue that significant relief is sought against the Robinson Defendants: all Plaintiffs have claims against the Robinson Defendants and seek

7

significant relief from them, including damages, injunctive relief, and punitive damages. [Id. at 8 (citing Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1153 (C.D. Cal. 2010), aff'd 631 F.3d 1010 (9th Cir. 2011) (quoting Evans v. Walter Indus., Inc., 449 F.3d 1159, 1167 (11th Cir. 2006))).]

Further, Plaintiffs argue, the Robinson Defendants' acts and omissions form a significant basis of the Plaintiffs' claims. The alleged conduct of the Robinson Defendants impacted all Plaintiffs, rather than a small subset of Plaintiffs. [Id. at 9-10.] Plaintiffs note that the Second Amended Complaint contains a number of allegations of actionable conduct by the Robinson Defendants against all Plaintiffs, including that they manage and oversee the fields in a way that exacerbates the migration of pollutants, that they failed to follow appropriate soil conservation practices, that their historic use of pesticide on the land gives rise to a duty to implement measures to prevent migration of dust, that they failed to investigate Pioneer's farming practices and the danger associated with Pioneer's pesticides, that they failed to require Pioneer to implement measures to mitigate harm, and that they had sufficient knowledge of and control over the fields to prevent the Plaintiffs' injuries. [Id. at 10-12.]

Plaintiffs also emphasize that the Robinson Defendants violated Hawai`i law and local Kauai Ordinance 808.

Specifically, Plaintiffs argue that the Robinson Defendants owed Plaintiffs a duty pursuant to Kauai Ordinance 808, which requires that all "grubbing" and "grading" activities (or activities that remove vegetation) in Kauai incorporate Best Management Practices to the maximum extent practicable to prevent damage by sedimentation to streams, watercourses, natural areas, and the property of others.  [Id. at 12 (citing Kauai County Rev. Code of Ordinance 808, §§ 22-7.4, 22-7.5).]  As such, Plaintiffs claim that the Robinson Defendants had a duty to ensure that Best Management Practices were implemented to prevent any discharge of dust and pesticides and avoid harm to the Waimea community and environment.  [Id.]  Plaintiffs argue that, after leasing the land to Pioneer, the Robinson Defendants never ensured that the conservation measures called for in Pioneer's 2002 Conservation Plan (made pursuant to Ordinance 808) were carried out, despite the fact that they knew prior to leasing the property that there was a danger of fugitive dust harming Plaintiffs.  [Id. at 12-13.]  As such, Plaintiffs argue, the claims against the Robinson Defendants satisfy the "significant basis" prong of the local controversy exception.

Because Plaintiffs argue that CAFA's local controversy exception applies in the instant case, Plaintiffs urge the Court to remand the case back to the State Court.

**II.  Memorandum in Opposition**

In their memorandum in opposition, Defendants argue that this district court already denied Plaintiffs' first motion to remand on July 24, 2012, and that Plaintiffs have not demonstrated that there are any new material facts, intervening change of law, or manifest error of law or fact such that the prior decision should be revisited.  [Mem. in Opp. at 1-2.]

Defendants emphasize that jurisdiction over removed actions is evaluated at the time of removal.  Subsequent amendments do not permit a renewed motion to remand.  [Id. at 11-13 (citing Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 & n.6 (2007); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam) ("[T]he well-established rule [is] that diversity of citizenship is assessed at the time the action is filed.  We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1091-92 (9th Cir. 2010)).]  As such, Defendants argue that, once Plaintiffs had alleged their way into federal court, they were not free to amend their way out.  [Id. at 13.]

Defendants further argue that the Ninth Circuit's

10

opinion in Coleman did not authorize serial remand motions, as the Plaintiffs argue in their Motion.  Rather, the Coleman court observed in dicta that there can be "different pleading requirements in state and federal courts" such that a "complaint, as originally drafted, will not answer the questions that need to be answered before the federal court can determine whether the suit comes within the local controversy exception to CAFA jurisdiction."  Thus, where such questions need to be answered, the Court may require or permit a plaintiff to file an amended complaint addressing relevant CAFA criteria.  [Id. at 15 (quoting Coleman, 631 F.3d at 1020-21).]  Defendants argue that this is not, however, the issue in this case: the Hawai`i Rules of Civil Procedure follow the Federal Rules, so there were no different pleading requirements in the state and federal courts.  [Id. at 16 (citing Pavsek v. Sanvold, 127 Hawai`i 390, 403, 279 P.3d 55, 68 (Haw. Ct. App. 2012) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).]  Further, the original Complaint did not fail to provide sufficient information for a CAFA determination; rather, the court engaged in a detailed analysis of the case and ultimately concluded that the local controversy exception did not apply.  [Id. (citing dkt. no. 23 at 6-7).]  Defendants note that Plaintiffs did not contest or appeal this ruling.  Further, Defendants argue that the Second Amended Complaint did not clarify anything for purposes of the CAFA analysis; it merely

11

refashioned Plaintiffs' claims against the Robinson Defendants for the express purpose of re-litigating the issue of remand. [Id. at 17.]

Defendants next argue that, even were the instant Motion procedurally proper, the local controversy exception is nevertheless inapplicable, as this district court previously determined.  Specifically, Defendants argue that the claims made in the Second Amended Complaint do not establish conduct by the Robinson Defendants that "forms a significant basis for the claims asserted by . . . plaintiff[s]."  [Id. at 18 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb)).]  Defendants note as a preliminary matter that the local controversy exception is narrow and the burden of proof is on Plaintiffs to prove that an exception under CAFA applies.  [Id. at 19 (citing Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023-24 (9th Cir. 2007); Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc., 655 F.3d 358, 360 (5th Cir. 2011)).]  Defendants emphasize that Plaintiffs must demonstrate both that a Hawai`i citizen defendant (1) is a defendant "from whom significant relief is sought" and (2) "whose alleged conduct forms a significant basis for the claims asserted."  [Id. at 19-20 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)).]

As to the second requirement, the mere fact that relief is sought against the local defendant for the conduct of other

12

defendants is insufficient to satisfy the "significant basis" requirement.  [Id. at 20 (citing Evans v. Walter Industries, Inc., 449 F.3d 1159, 1167 n.7 (11th Cir. 2006)).]  Defendants note that this district court previously found that the local controversy exception does not apply to this case.  [Id. at 21-22.]  Defendants argue that the new allegations in the Second Amended Complaint do not alter this district court's prior finding.  Defendants argue that the allegations against the Robinson Defendants are insignificant in comparison to the claims against Pioneer: in each of the allegations against the Robinson Defendants, Pioneer is the main actor, and the allegations would not exist absent Pioneer's actions.  [Id. at 22-24.]

Defendants therefore ask the Court to deny Plaintiffs' Motion.

**III. Reply**

In their reply, Plaintiffs emphasize that Defendants incorrectly suggest that Plaintiffs are suing the Robinson Defendants solely to avoid federal court.  [Reply at 1-6.]  Plaintiffs note that Magistrate Judge Kurren, in granting them leave to file the Second Amended Complaint, stated "I can't say that the claim [against the Robinson Defendants] is futile."  [Id. at 6 (quoting January 7, 2013 Transcript of Plaintiffs' Motion for Leave to Amend, attached to Reply as Exhibit 2, at 24:14-25:15).]

Plaintiffs argue that, contrary to Defendants' assertions, <u>Coleman</u> allows amendment to satisfy CAFA's local controversy exception.  Plaintiffs argue that <u>Coleman</u> states that a district court may allow amendment where the original complaint does not answer whether the conduct of in-state defendants meets CAFA's requirements.  [<u>Id.</u> at 7 (citing <u>Coleman</u>, 631 F.3d at 1020-21).]  Plaintiffs argue that this is such a case.

Plaintiffs further argue that <u>United Steel</u> supports their position.  In that case, Plaintiffs note, the Ninth Circuit recognized "exceptions to the general rule of 'once jurisdiction, always jurisdiction--such as when a case becomes moot in the course of litigation or when there was no jurisdiction to begin with because the jurisdiction allegations were frivolous from the start."  [<u>Id.</u> at 8 (quoting <u>United Steel</u>, 602 F.3d at 1092).]  Plaintiffs emphasize that the applicability of the CAFA local controversy exception is a jurisdictional issue; this Court is required to dismiss the case should the exception apply and, as such, federal jurisdiction did not exist at the time of removal.  [<u>Id.</u> at 9 (citing 28 U.S.C. § 1332(d)(4)(A)(I)).]

Plaintiffs further argue that the local controversy exception applies because the conduct of the Robinson Defendants is significant.  Plaintiffs state that "it is important to recognize that Waimea soils are particularly susceptible to wind and water erosion because of the historic farming practices used

14

by the Robinson [Defendants] in the cultivation of sugar cane near Waimea." [Id. at 12.] Further, the Robinson Defendants had a duty to implement Conservation Plans for their lands pursuant to Ordinance 808. [Id.] Plaintiffs note that one plaintiff, Klayton Kubo, has stated that he complained to the Robinson Defendants as early as 2000 about Pioneer's operations on the Robinson land, but that the Robinson Defendants did nothing. [Id. at 12-13 (quoting Reply, Exh. 3 (February 7, 2013 Deposition Excerpt of Klayton Kubo)).]

Plaintiffs therefore argue that the local controversy exception to CAFA applies, and that this Court should grant remand and return the case to the Fifth Circuit.

## DISCUSSION

28 U.S.C. § 1332(d) provides district courts with jurisdiction over certain class actions and mass actions. CAFA provides that "a mass action shall be deemed to be a class action" removable under CAFA so long as the rest of CAFA's jurisdictional requirements are met. 28 U.S.C. § 1332(d)(11)(A); Tanoh v. Dow Chemical Co., 561 F.3d 945, 952 (9th Cir. 2009). A mass action is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(I).

Under CAFA, only "minimal diversity" is required to

vest a federal court with diversity jurisdiction.  See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007).  A court may exercise diversity jurisdiction in a CAFA case even if every plaintiff's citizenship is not different from every defendant's citizenship.  Instead of requiring complete diversity, CAFA requires only that the aggregate amount in controversy exceed $5 million and that any class member have citizenship different from any defendant.  28 U.S.C. § 1332(d)(2); Tanoh, 561 F.3d at 952.

Even if a removing party in a CAFA case establishes minimal diversity, a plaintiff is entitled to remand by showing that an exception to federal jurisdiction applies.  Here, Plaintiffs rely on the "local controversy" exception.  Plaintiffs seeking to establish that a class action is a "local controversy" must satisfy the criteria set forth in either subsection (A) or subsection (B) of 28 U.S.C. § 1332(d)(4).  Plaintiffs argue that they satisfy subsection (A).

Under this exception, "[a] district court shall decline to exercise jurisdiction" under CAFA "over a class action in which":

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant:
>
>> (aa) from whom significant relief is sought by members of the plaintiff class;

>   (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
>   (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i).  CAFA's local controversy exception is intended to be a "narrow" one which applies only to "truly local" controversies.  Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1152 (C.D. Cal. 2010), aff'd, 631 F.3d 1010 (9th Cir. 2011).  A plaintiff seeking remand bears the burden of proving that the local controversy exception applies.  Coleman, 631 F.3d at 1013.

In the instant case, Defendants argue that the Robinson Defendants' alleged conduct does not form a "significant basis" for the claims asserted by Plaintiffs.  [Mem. in Opp. at 21-22.]  See also Coleman, 730 F. Supp. 2d at 1153–58.  The Court is limited to the allegations of the Second Amended Complaint in evaluating whether the significant basis factor has been satisfied.  Coleman, 631 F.3d at 1017.

The "significant basis" prong is fulfilled "[i]f the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants."  Coleman, 730 F. Supp. 2d at 1157 (quoting Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144,

156 (3d Cir. 2009)). The "local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." Id. (quoting Kaufman, 561 F.3d at 157) (emphasis in original). Factors the Court may consider in determining whether a local defendant's alleged conduct forms a significant basis of the class claims include:

> 1) the relative importance of each of the claims to the action; 2) the nature of the claims and issues raised against the local defendant; 3) the nature of the claims and issues raised against all the [d]efendants; 4) the number of claims that rely on the local defendant's alleged conduct; 5) the number of claims asserted; 6) the identity of the [d]efendants; 7) whether the [d]efendants are related; 8) the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct; and 9) the approximate number of members in the putative class.

Id. (quoting Kaufman, 561 F.3d at 157 n.13).

Here, Plaintiffs argue that the allegations made against the Robinson Defendants in the Second Amended Complaint support a finding that the Robinson Defendants' conduct forms a significant basis of Plaintiffs' claims. Specifically, Plaintiffs argue that the Robinson Defendants' historic farming activities contributed to making the land "particularly susceptible to erosion," that the Robinson Defendants failed to investigate the farming practices of their tenants, and that the Robinson Defendants have failed to control and mitigate soil erosion and migration of pollutants, notwithstanding an

obligation to do so under Kauai Ordinance 808.  [Mem. in Supp. of Motion at 10-12.]

Notwithstanding these allegations, the Robinson Defendants' conduct is not a significant basis for Plaintiffs' claims because the Second Amended Complaint still essentially "hinges" on the actions of Pioneer.  See Aana v. Pioneer Hi-Bred Int'l, Inc., 2012 WL 3542503, at *3 (D. Hawai`i July 24, 2012).  The harm Plaintiffs complain of--the migration of dust and pollutants from Pioneer's farming activities--is caused by the farming activities undertaken by Pioneer, not the Robinson Defendants.  Without a finding of liability on the part of Pioneer, there would be no nuisance for which the Robinson Defendants might be held liable.  In light of this, the Court simply cannot find that the allegations against the Robinson Defendants are significant in comparison to the conduct of Pioneer, the non-local defendant.  See Kaufman, 561 F.3d at 156.  Nor is the Court persuaded that, based upon the allegations in the Second Amended Complaint, the Robinson Defendants had a significant role in the conduct giving rise to the case.  As such, the Court FINDS that the claims against the Robinson Defendants do not form a significant basis for the claims asserted by Plaintiffs.  The Motion is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Renewed

19

Motion for Remand, filed on February 7, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 26, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JIM AANA, ET AL. V. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL NO. 12-00231 LEK-BMK; ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR REMAND**