IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JIM AANA, et al., on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., a DuPont Business and Iowa Corporation, GAY & ROBINSON, INC., a Hawaii corporation; ROBINSON FAMILY PARTNERS, a general partnership registered in Hawaii; and DOE DEFENDANTS 1-10,<br><br>     Defendants.<br>_____<br>JEFFREY CASEY, et al., on behalf themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., et al.,<br><br>     Defendants.<br>_____ | CIVIL NO. 12-00231 LEK-BMK<br>CIVIL NO. 12-00665 LEK-BMK |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO STRIKE DOCKET NOS. 235, 237 AND 591**

On January 15, 2014, Defendants Pioneer Hi-Bred

International, Inc. ("Pioneer"), Gay & Robinson, Inc., and

Robinson Family Partners[1] (all collectively "Defendants") filed their Motion to Strike Docket Nos. 235, 237 and 591 ("Motion"). [Dkt. no. 592.] Plaintiffs Jim Aana, et al., on behalf of themselves and all others similarly situated (collectively "Plaintiffs")[2] filed their memorandum in opposition on February 3, 2014, and Defendants filed their reply on February 20, 2014. [Dkt. nos. 597, 601.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background of this case, and this Court will only discuss the events that are relevant to the instant Motion.

---

[1] This Court will refer to Gay & Robinson, Inc. and Robinson Family Partners collectively as "the Robinson Defendants."

[2] Insofar as the instant case and Casey v. Pioneer Hi-Bred International, Inc., CV 12-00655 LEK-BMK, have been consolidated, this Court will refer to the plaintiffs in both cases collectively as "Plaintiffs." When necessary, this Court will distinguish between "the Aana Plaintiffs" and "the Casey Plaintiffs." The defendants are the same in both cases.

The Aana Plaintiffs filed their original Complaint in state court on December 13, 2011, and Defendants removed the action on May 4, 2012. [Notice of Removal of Mass Action, filed 5/4/12 (dkt. no. 1) ("Notice of Removal"), Exh. A.] Prior to removal, Pioneer filed an answer to the Complaint on January 31, 2012, and the Robinson Defendants filed their answer on February 17, 2012. [Dkt. nos. 1-4, 1-5.] On February 6, 2013, Plaintiffs filed their Second Amended Complaint (Property Related Claims) ("Second Amended Complaint").[3] [Dkt. no. 128.]

On August 26, 2013, Plaintiffs filed a notice that they were voluntarily dismissing the claims of the following Plaintiffs: Wilson Aana, John Bernaldes, Lani Marian Bernaldes, Douglas Dusenberry, Linda Dusenberry, James Hensley, Gary Higgins, Michelle Higgins, Russell Hill, Jodi Hookano, Michelle Hookano, Renfred Hookano, Kevin Iwai, Ambrose Kanahele, Raquel Kanahele, Anya Kaohi, Donia Kaohi, Koharu Kawamura, Kauakea Mata, Dexter Nishi, Jade Riley, Mike Riley, Teresa Sakai, Norman Salvacion, Crystal Shimatsu, Wayne Sugawara, Julie Udarbe, and Melinda Vidinha ("8/26/13 Notice of Dismissal"). [Dkt. no. 235.] The 8/26/13 Notice of Dismissal cited Fed. R. Civ. P. 41(a)(1)(A)(i). [Id. at 2.] On August 28, 2013, Plaintiffs

---

[3] The Casey Amended Complaint alleged the same claims as the Aana Second Amended Complaint. [Casey, Notice of Removal of Action (28 U.S.C. Section 1441), filed 12/7/12 (dkt. no. 1), Exh. C (Amended Complaint).]

filed a Rule 41(a)(1)(A)(i) notice of dismissal on behalf of Plaintiff Corrado Altomare ("8/28/13 Notice of Dismissal"). [Dkt. no. 237.]

Plaintiffs filed their Third Amended Complaint (Property Related Claims) ("Third Amended Complaint") on September 6, 2013. [Dkt. no. 331.] Defendants did not file an answer to the Second Amended Complaint, nor have they filed an answer to the Third Amended Complaint.[4]

On January 8, 2014, Plaintiffs filed a Rule 41(a)(1)(A)(i) notice of dismissal on behalf of Plaintiffs Joy Kagawa, Dellick Numazawa, Lorelei Numazawa, Glenn Odo, Lorene Odo, and Bryan Okazaki ("1/8/14 Notice of Dismissal"). [Dkt. no. 591.]

In the instant Motion, Defendants argue that this Court should strike the 8/26/13 Notice of Dismissal, the 8/28/13 Notice of Dismissal, and the 1/8/14 Notice of Dismissal because Plaintiffs lost their ability to voluntarily dismiss claims against Defendants when Defendants filed their answers to the original complaint.

## DISCUSSION

Fed. R. Civ. P. 41(a)(1)(A) addresses the circumstances under which a plaintiff may voluntarily dismiss his claims

---

[4] This Court notes that, on February 27, 2014, it issued an order ruling on Defendants' motion to dismiss the Third Amendment Complaint. [Dkt. no. 608.]

4

without a court order.  Rule 41(a)(1)(A) states:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> >
> > (ii) a stipulation of dismissal signed by all parties who have appeared.

The rule does not address the specific issue presented in the instant Motion, nor has the Ninth Circuit addressed the issue.

The Fourth Circuit Court of Appeals has held that it was proper for the district court to vacate the plaintiff's (Joseph R. Armstrong ("Armstrong")) notice of dismissal of the amended complaint where the defendant, the Frostie Company ("Frostie"), filed an answer and a motion for summary judgment addressing the original complaint, but had not filed an answer to the amended complaint.  Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971).  In so ruling, the Fourth Circuit noted that the applicable rule, which corresponds to the current Rule 41(a)(1)(A)(i), was

> designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case.  See Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 107 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S. Ct. 949, 97 L. Ed. 1383 (1953); cf. Butler v. Denton, 150 F.2d 687, 689 (10th Cir. 1945).  Once the defendant has filed an answer or a motion for summary judgment, which normally is marked by extensive preparation,

> granting dismissal without prejudice becomes discretionary with the court. Fed. R. Civ. P. 41(a)(2); see 2B W. Barron & A. Holtzoff, Federal Practice and Procedure § 912 (C. Wright, ed. 1961).

Id. The Fourth Circuit stated that "[d]ismissal of [the original] complaint, followed by an amended complaint, increased rather than nullified Frostie's burden." Id.

The First Circuit Court of Appeals has observed that commentators interpret Armstrong as standing for the proposition that "a plaintiff cannot supersede the cutting off of its right to give notice of voluntary dismissal by filing an amended complaint after an answer or motion for summary judgment has been filed by the defendant." Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 17-18 (1st Cir. 1985) (citing 5 Moore's Federal Practice ¶ 41.02[3], at 41–32 (1984)). Although it appears that neither the Ninth Circuit nor the district courts within the Ninth Circuit have considered this portion of Armstrong,[5] other district courts continue to follow the Fourth Circuit's reasoning in Armstrong regarding a plaintiff's ability to dismiss an amended complaint. See, e.g.,

---

[5] The Ninth Circuit has quoted Armstrong for the statement of Rule 41(a)(1)'s purpose, but it was not in the context of the issue currently before this Court. See Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993) ("We agree with the First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment." (footnote omitted)).

Quick v. EMCO Enters., Inc., 251 F.R.D. 371, 373-74 (S.D. Iowa 2008).

This Court agrees with and adopts the reasoning in Armstrong. Plaintiffs' reliance on Concha v. London, 62 F.3d 1493 (9th Cir. 1993), and other similar cases, [Mem. in Opp. at 4 & n.5,] is misplaced. Concha merely recognizes that a plaintiff may voluntarily dismiss his action even though the defendant filed a motion to dismiss. 62 F.3d at 1506. Concha acknowledged that "[o]nce the defendant files an answer or a motion for summary judgment, the plaintiff may no longer voluntarily dismiss without a court order under Rule 41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2)." Id. In addition, Plaintiffs are correct that its original Complaint and its Second Amended Complaint are treated as non-existent. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (noting that, as a general rule, "when a plaintiff files an amended complaint, [t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent" (citation and internal quotation marks omitted)). The purpose of Rule 41(a)(1)(A)(i), however, is to allow a plaintiff to voluntarily withdraw his case before the defendant expends significant time and resources on the **case**, not just on the version of the plaintiff's complaint currently before the district court.

This Court therefore concludes that, in light of the fact that Defendants all answered the original Complaint, Plaintiffs cannot voluntarily dismiss their current claims by filing a notice of dismissal pursuant to Rule 41(a)(1)(A)(i). This does not end the inquiry because this Court's August 9, 2013 order addressing the motions to dismiss the Second Amended Complaint ("8/9/13 Order") dismissed some of Plaintiffs' claims and gave Plaintiffs leave to file the Third Amended Complaint. [Dkt. no. 224.] Although this Court expressly stated that Plaintiffs could not add new parties in the Third Amended Complaint, this Court did not prohibit Plaintiffs from removing parties. [Id. at 61.] Thus, although it was technically improper for Plaintiffs to file the 8/26/13 Notice of Dismissal and the 8/28/13 Notice of Dismissal, this Court declines to strike those documents because the 8/9/13 Order effectively granted leave to dismiss the parties from the action. This Court therefore DENIES Defendants' Motion as to the 8/26/13 Notice of Dismissal and the 8/28/13 Notice of Dismissal.

For the reasons stated above, this Court concludes that it was improper for Plaintiffs to file the 1/8/14 Notice of Dismissal. This Court therefore GRANTS Defendants' Motion as to the 1/8/14 Notice of Dismissal, which is HEREBY STRICKEN. If Plaintiffs wish to dismiss the persons identified in the 1/8/14 Notice of Dismissal, they must either obtain Defendants'

stipulation to do so or move for a court order of dismissal. See Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2).

As dismissal of those persons identified in the 1/8/14 Notice of Dismissal appears to be in the interest of justice and to promote judicial economy, the Court gently reminds counsel of the Preamble to the Hawai`i Rules of Professional Conduct, and asks that they practice law with aloha.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Strike Docket Nos. 235, 237 and 591, filed January 15, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART. This Court GRANTS the Motion insofar as this Court STRIKES Plaintiffs' January 8, 2014 Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i). The Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2014.



　　　　　　　　　　　　　　　/s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States District Judge

**JIM AANA, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC.; CV 12-00231 LEK-BMK; JEFFREY CASEY, ET AL. VS. PIONEER HI-BRED INTERNATIONAL;, INC.; CV 12-00665 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE DOCKET NOS. 235, 237 AND 591**