```
                    IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF HAWAII

JIM AANA, et al., on behalf    )    CIVIL NO. 12-00231 LEK-BMK
of themselves and all others   )    CIVIL NO. 12-00665 LEK-BMK
similarly situated,            )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
PIONEER HI-BRED                )
INTERNATIONAL, INC., a DuPont  )
Business and Iowa              )
Corporation, GAY & ROBINSON,   )
INC., a Hawaii corporation;    )
ROBINSON FAMILY PARTNERS, a    )
general partnership            )
registered in Hawaii; and DOE  )
DEFENDANTS 1-10,               )
                               )
          Defendants.          )
_____  )
JEFFREY CASEY, et al., on      )
behalf themselves and all      )
others similarly situated,     )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
PIONEER HI-BRED                )
INTERNATIONAL, INC., et al.,   )
                               )
          Defendants.          )
_____  )
```

**ORDER GRANTING DEFENDANTS'
MOTION IN LIMINE NO. 1 RE HEALTH EFFECTS**

On May 23, 2014, Defendants Pioneer Hi-Bred International, Inc. ("Pioneer"), Gay & Robinson, Inc., and

Robinson Family Partners[1] (all collectively "Defendants") filed their Motion in Limine No. 1 Re Health Effects ("Motion").  [Dkt. no. 744.]  Plaintiffs Jim Aana, et al., on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"),[2] filed their memorandum in opposition on June 24, 2014, and Defendants filed their reply on July 8, 2014.  [Dkt. nos. 766, 774.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The Court issued its summary ruling granting the Motion on July 31, 2014.  [Dkt. no. 781.]  The instant Order is this Court's decision on the Motion, and this Order supersedes the July 31, 2014 summary ruling.

After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in this Court's: August 9, 2013 Order Granting

---

[1] This Court will refer to Defendants Gay & Robinson, Inc. and Robinson Family Partners collectively as "the Robinson Defendants."

[2] Insofar as the two cases have been consolidated, this Court will refer to the plaintiffs in both cases collectively as "Plaintiffs."

in Part and Denying in Part Defendants Gay & Robinson, Inc. and Robinson Family Partners' Motion to Dismiss Plaintiffs' Second Amended Complaint Under Fed. R. Civ. P. 12(b)(6); and Granting in Part and Denying Part Defendants Gay & Robinson, Inc., Robinson Family Partners, and Pioneer Hi-Bred International, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint ("8/9/13 Order"); and February 27, 2014 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Third Amended Complaint (Rule 12(b)(6)) ("2/27/14 Order"). [Dkt. nos. 224, 608.[3]]

In the instant Motion, Defendants seek an order "precluding Plaintiffs from calling at trial their retained expert witnesses Charles M. Benbrook, Michael J. DiBartolomeis, Susan Kegley, Lorrin Pang, and Camille Sears,[4] and excluding any other evidence or argument regarding health and environmental issues." [Motion at 1.] Defendants contend that such evidence is irrelevant and, even if the evidence has some relevance, this Court should exclude the evidence pursuant to Fed. R. Evid. 403. [Mem. in Supp. of Motion at 11-15.] On May 28, 2014, this Court issued an entering order construing the Motion as a motion to strike instead of a motion in limine. [Dkt. no. 748.]

---

[3] The 8/9/13 Order is also available at 965 F. Supp. 2d 1157, and the 2/27/14 Order is available at 2014 WL 806224.

[4] This Court will refer to these expert witnesses collectively as "the Contested Experts."

3

**DISCUSSION**

I.  **Whether Plaintiffs Can Pursue Claims for Health and Environmental Effects**

Defendants ask this Court to strike Plaintiffs' evidence and the Contested Experts' opinions regarding the alleged health and environmental effects of the farming practices at the Waimea Research Center[5] ("the Contested Evidence") because Plaintiffs only pled claims for property damage.

Plaintiffs' operative pleading is titled "Third Amended Complaint (Property Related Claims)" ("Third Amended Complaint"). [Filed 9/6/13 (dkt. no. 331).] Further, Plaintiffs expressly state that the Third Amended Complaint "does **not** allege individual personal injuries on behalf of Waimea Residents,[6] which will be brought, if any, by separate complaint." [Id. at pg. 24 n.37 (emphasis in original).]

The "Factual Allegations" section of the Third Amended Complaint includes allegations about the health and environmental impacts of the dust and pesticide drift from the GMO Test Fields:

> 35) Pesticides and fugitive dust from the GMO Test Fields are recognized pollutants that present known and unknown risks to human health and the environment associated with

---

[5] Plaintiffs refer to "[a]ll fields leased by Pioneer from the Robinson [Defendants] related to the Waimea Research Center" as "the GMO Test Fields." [Third Amended Complaint (Property Related Claims), filed 9/6/13 (dkt. no. 331), at ¶ 16.]

[6] The Third Amended Complaint refers to Plaintiffs as the "Waimea Residents." [Third Amended Complaint at ¶ 4.]

4

>           acute, sub-chronic, and chronic exposure.
>
> 36)     For example, Pioneer uses several restricted-
>         use pesticides on its GMO [Test] Fields.
>         Restricted use pesticides are pesticides that
>         may cause unreasonably adverse effects to
>         human health and the environment even when
>         used as directed by the product labeling.
>
> 37)     A single exposure to the pesticides (or
>         combination of pesticides) used by Pioneer
>         can adversely impact human health. Likewise,
>         many of the delayed effects of exposure to
>         the individual pesticides and combinations of
>         pesticides used by Pioneer are unknown.
>
> 38)     Pesticides used by Pioneer also pose
>         substantial risks to the environment of
>         Waimea.
>
> 39)     Accordingly, the inherent risks associated
>         with Pioneer's use of pesticides on the GMO
>         Test Fields cannot be eliminated.
>
> 40)     Because of the inherent risks for pesticide
>         exposure and the potential of pesticide
>         migration, Pioneer has a duty to not apply
>         pesticides in a way that will contact Waimea
>         Residents directly or through spray drift.

[Id. at ¶¶ 35-40 (footnote omitted).]

The Third Amended Complaint also refers to health and environmental risks in its statement of the claims. For example, Count I (negligence - failure to use due care) alleges that Defendants "negligently failed to prevent the migration of excessive fugitive dust, erosion, and dangerous pesticides into the Waimea community and environment," [id. at ¶ 132,] and that Defendants' "negligent failure to use due care caused the routine migration of excessive fugitive dust and pesticides into Waimea

5

Residents' homes, which has resulted in . . . an increase in health risks for the Waimea community" [id. at ¶ 138]. Count II (negligence – failure to investigate and warn) alleges that "the routine migration of pesticides into Waimea Residents' homes . . . has resulted in regular chemical odors in the community [and] an increase in health risks for the Waimea community . . . ." [Id. at ¶ 146.] Count IV (trespass) alleges that the dust and chemical drift from the GMO Test Fields have caused "an increase in health risks to the Waimea Community," [id. at ¶ 162,] and Count V (nuisance) includes a similar allegation [id. at ¶ 169].

First, this Court notes that Plaintiffs' allegations about environmental effects are very general in nature. Even if Plaintiffs did intend to allege substantive claims based on environmental effects, the claims would not survive a motion to dismiss. Plaintiffs' general allegations of environmental impacts are not sufficient to plead a plausible basis for their standing to pursue substantive claims based on environmental effects. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007))).

"'[T]he irreducible constitutional minimum of standing contains three elements': (1) injury in fact, (2) causation, and (3) redressability." Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 970 (9th Cir. 2013) (alteration in Bonneville Power) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

> An individual bringing a substantive claim related to environmental harms may establish an injury in fact by showing "a connection to the area of concern sufficient to make credible the connection that the person's life will be less enjoyable — that he or she really has or will suffer in his or her degree of aesthetic or recreational satisfaction — if the area in question remains or becomes environmentally degraded." Ecological Rights Found. v. Pac. Lumber Co., 230 F.3d 1141, 1149 (9th Cir. 2000). . . .

W. Watersheds Project v. Kraayenbrink, 632 F.3d 472, 484 (9th Cir. 2011). Plaintiffs did not plead sufficient allegations that, if proven, would establish the type of injury in fact that is required for substantive claims based on environmental effects. This Court therefore concludes that the Third Amended Complaint does not allege any substantive claim based on environmental effects.

In determining whether the Third Amended Complaint alleges any substantive claim based on health effects, this Court reads Plaintiffs' allegations about health effects in the context of the entire complaint. As with the allegations about

7

environmental effects, Plaintiffs' allegations about health effects are general in nature. In contrast, the title of the complaint and footnote 37 expressly limit the action to property-related claims. Reading the Third Amended Complaint as a whole, the central claim is Plaintiffs' nuisance claim. This district court has stated:

> A "nuisance" is defined as:
>
>> . . . that which unlawfully annoys or does damage to another, anything that works hurt, inconvenience, or damage, anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or physical occupation uncomfortable, and anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights.
>
> Littleton v. State, 656 P.2d 1336, 1344 (Haw. 1982) (quoting 58 Am. Jur. 2d Nuisances § 1 at 555 (1971)).
>
> . . . A "nuisance" is an activity or condition that actively interferes with an individual's right to use and enjoy land. See Western Sunview Properties, LLC v. Federman, 338 F. Supp. 2d 1106, 1116 (D. Haw. 2004) (A nuisance "has been defined as 'a nontrespassory invasion of another's interest in the private use and enjoyment of his land.'") (quoting Layton v. Yankee Caithness Joint Venture, 774 F. Supp. 576, 577 (D. Nev. 1991). The "central idea of nuisance is the unreasonable invasion" of a property interest. Lussier v. San Lorenzo Valley Water Dist., 206 Cal. App. 3d 92, 100 (Cal. Ct. App. 1988). A typical example of a nuisance is smoke or fumes that invade an individual's property from another location. E.g., Olden [v.] LaFarge Corp., 203 F.R.D. 254 (E.D. Mich. 2001). Other common examples include noxious odors and unreasonably loud noise. E.g., Crea v. Crea, 16 P.3d 922 (Id.

2000) (odor from hog farm could be a nuisance); Schild v. Rubin, 232 Cal. App.3d 755 (Cal. Ct. App. 1991) (excessive and inappropriate noise may constitute nuisance).

Mitchell v. United States, Civ. No. 11-00088 HG-KSC, 2011 WL 4048986, at *7 (D. Hawai`i Sept. 12, 2011) (some alterations in Mitchell).

Plaintiffs' central nuisance claim, read together with the title and footnote 37, clearly focused the action on property damage. This Court has stated:

> Although Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" such a statement must sufficiently put the defendants on fair notice of the claims asserted and the grounds on which they rest. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). . . .

Brewer Envtl. Indus., LLC v. Matson Terminals, Inc., Civil No. 10-00221 LEK-KSC, 2011 WL 1637323, at *16 (D. Hawai`i Apr. 28, 2011) (some alterations in Brewer Envtl.). In the instant case, the allegations of the Third Amended Complaint did not put Defendants on notice that Plaintiffs were pursuing substantive claims based on health effects. This Court therefore concludes that the Third Amended Complaint does not allege any substantive claim based on health effects.

## II. **Relevance of the Contested Evidence**

This Court next turns to the issue of whether Plaintiffs' allegations about health and environmental effects

9

are relevant as support for Plaintiffs' property claims.

Fed. R. Evid. 401 states:

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

If evidence is not relevant, it is not admissible. Fed. R. Evid. 402.

The crux of Plaintiffs' property claims is that Defendants' conduct has caused "a substantial reduction in the value and beneficial use and enjoyment of Waimea Residents' homes and community." See, e.g., Third Amended Complaint at ¶ 138. If Plaintiffs are able to present evidence at trial which establishes that Defendants' conduct has also affected the environment in general and resulted in increased health risks, it would support their claim that Defendants' conduct has reduced Plaintiffs' use and enjoyment of their property. This Court therefore concludes that the Contested Evidence is relevant to Plaintiffs' property claims, but it emphasizes that this relevance is limited because the action does not involve substantive claims based on health and environmental effects.

## III. **Fed. R. Evid. 403 Analysis**

Defendants next argue that, even if the Contested Evidence has some relevance to the instant case, this Court

should exclude the evidence pursuant to Fed. R. Evid. 403. Rule 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This Court agrees with Defendants that allowing Plaintiffs to present evidence of alleged health and environmental effects, when there are no substantive claims for health and environmental effects, would exponentially increase the complexity of the pre-trial litigation process and the ultimate length of trial.

The magistrate judge has not allowed Plaintiffs to conduct discovery related to alleged environmental and health effects because he has interpreted Plaintiffs' claims in the same manner as this Court has. For example,

> THE COURT: . . . [T]he final area is this inquiry regarding pesticides. . . . [O]n this point I kind of agree with the defense that, you know, to get into all of the health related issues, the assessment issues that you're interested in, you know, that just doesn't relate to the claims for property damage here. That really smacks more of a connection to personal injury issues or if there were some water -- in other words, it sounds to me like exactly what I was dealing with, with the Central Oahu pineapple field water contamination, cancer causing health hazard case, not the case we have here.
>
> So if it relates solely to those questions concerning the types of pesticides that were being used, and I gather you know pretty much, you know, what they are and the like, I mean I certainly

11

>would permit that, but not all of it -- not all of
>this health-related assessment issue stuff. . . .

[Trans. of 10/24/13 Hrg. on Defs.' motions for protective order, filed 10/31/13 (dkt. no. 353), at 45.] Thus, allowing Plaintiffs to pursue, and ultimately present, evidence regarding alleged health and environmental effects would expand the scope of the litigation and delay the resolution of this case.

Further, allowing evidence at trial of health and environmental effects when there is no substantive claim based on health and environmental effects would likely result in possible jury confusion. In light of the limited relevance of this evidence, the Court finds that the delay and potential confusion outweigh the relevance. This Court therefore GRANTS Defendants' Motion.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion in Limine No. 1 Re Health Effects, filed May 23, 2014, is HEREBY GRANTED. This Court STRIKES Plaintiffs' expert witnesses Charles M. Benbrook, Michael J. DiBartolomeis, Susan Kegley, Lorrin Pang, and Camille Sears. Further, in light of this Order, Plaintiffs are prohibited from presenting evidence or argument at trial regarding alleged health and environmental effects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 26, 2014.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JIM AANA, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC., ET AL.; CIVIL 12-00231 LEK-BMK; JEFFREY CASEY, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL 12-00655 LEK-BMK; ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 RE HEALTH EFFECTS**