IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JIM AANA, et al., on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., a DuPont Business and Iowa Corporation, GAY & ROBINSON, INC., a Hawaii corporation; ROBINSON FAMILY PARTNERS, a general partnership registered in Hawaii; and DOE DEFENDANTS 1-10,<br><br>      Defendants.<br>_____<br>JEFFREY CASEY, et al., on behalf themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., et al.,<br><br>      Defendants.<br>_____ | CIVIL NO. 12-00231 LEK-BMK<br>CIVIL NO. 12-00665 LEK-BMK |

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING MOTION IN LIMINE NO. 1 RE HEALTH EFFECTS (ECF 803)**

On August 26, 2014, this Court issued its Order

Granting Defendants' Motion Limine No. 1 Re Health Effects

("8/26/14 Order"). [Dkt. no. 803.[1]] Plaintiffs Jim Aana, et al., on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"),[2] filed a motion for reconsideration of the 8/26/14 Order ("Motion for Reconsideration") on September 9, 2014. [Dkt. no. 813.] Defendants Pioneer Hi-Bred International, Inc.,[3] Gay & Robinson, Inc., and Robinson Family Partners (collectively, "Defendants") filed their memorandum in opposition on September 23, 2014, and Plaintiffs filed their reply on October 7, 2014. [Dkt. nos. 821, 828.] Pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), this Court has considered Plaintiffs' Motion for Reconsideration as a non-hearing motion. After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

---

[1] The 8/26/14 Order is also available at 2014 WL 4244221.

[2] Insofar as the two cases have been consolidated, the Court will refer to the plaintiffs in both cases collectively as "Plaintiffs." The defendants are the same in both cases.

[3] Pioneer Hi-Bred International, Inc., is now known as DuPont Pioneer. [Third Amended Complaint (Property Related Claims) ("Third Amended Complaint"), filed 9/6/13 (dkt. no. 331), at ¶ 5; Pioneer's Answer to Third Amended Complaint, filed 3/21/14 (dkt. no. 679), at ¶ 5.]

2

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background of this case, and this Court will only repeat the background that is relevant to the instant Motion for Reconsideration.

On May 23, 2014, Defendants filed their Motion in Limine No. 1 Re Health Effects ("Motion to Strike").[4] [Dkt. no. 744.] The Motion to Strike sought an order: 1) "precluding Plaintiffs from calling at trial their retained expert witnesses Charles M. Benbrook, Michael J. DiBartolomeis, Susan Kegley, Lorrin Pang, and Camille Sears[;[5]]" [Motion to Strike at 1;] 2) excluding Plaintiffs' evidence and the Contested Experts' opinions regarding the alleged health and environmental effects of the farming practices at the Waimea Research Center[6] ("the Contested Evidence"); and 3) precluding Plaintiffs from presenting any arguments regarding alleged health and environmental effects.

---

[4] On May 28, 2014, this Court issued an entering order construing Defendants' motion in limine as a motion to strike. [Dkt. no. 748.]

[5] This Court will refer to these expert witnesses collectively as "the Contested Experts."

[6] Plaintiffs refer to "[a]ll fields leased by Pioneer from the Robinson [Defendants] related to the Waimea Research Center" as "the GMO Test Fields." [Third Amended Complaint at ¶ 16.]

In the 8/26/14 Order, this Court:

-concluded that the Third Amended Complaint does not allege any substantive claims based on either environmental effects or health effects;

-concluded that the Contested Evidence is relevant to Plaintiffs' property claims, but the relevance is limited in light of the lack any substantive claims based on environmental or health effects;

-found that allowing Plaintiffs to pursue, and ultimately introduce at trial, the Contested Evidence would unnecessarily expand the scope of the litigation, delay the resolution of the case, and likely cause jury confusion; and

-excluded the Contested Evidence, pursuant to Fed. R. Evid. 403, because it found that the delay and potential confusion outweighed the limited relevance.

2014 WL 2014 WL 4244221, at *3-5.

In the Motion for Reconsideration, Plaintiffs essentially ask this Court to: 1) reconsider its rulings limiting their claims; and 2) if this Court does not do so, allow Plaintiffs to present the portions of the Contested Experts' reports and opinions that are relevant to Plaintiffs' other claims.

## **STANDARD**

This Court has described the standard applicable to a motion for reconsideration as follows:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw.

4

>     2012).  The Ninth Circuit has held that
>     reconsideration is appropriate if (1) the district
>     court is presented with "newly discovered
>     evidence," (2) the district court "committed clear
>     error or the initial decision was manifestly
>     unjust," or (3) "if there is an intervening change
>     in controlling law." <u>Nunes v. Ashcroft</u>, 375 F.3d
>     805, 807 (9th Cir. 2004).

<u>Terry v. Hawaii Air Nat'l Guard</u>, Civil No. 13-00295 LEK-RLP, 2014 WL 5089179, at *1 (D. Hawai`i Oct. 8, 2014) (citation omitted).

## **DISCUSSION**

### I. **Exclusion of Alleged Claims**

Plaintiffs first argue that it was procedurally improper for this Court to dismiss their claims in ruling on a motion in limine.  First, this Court construed Defendants' motion in limine as a motion to strike.  <u>See</u> *supra* note 4.  Second, although the 8/26/14 Order noted that, **if** the Third Amended Complaint did allege substantive claims based on environmental effects, they would not survive a motion to dismiss, 2014 WL 4244221, at *2, the order ultimately concluded that the Third Amended Complaint **does not contain claims** seeking relief based on health and environmental effects, <u>id.</u> at *3-4.  Thus, this Court did not **dismiss claims** that Plaintiffs pled in the Third Amended Complaint.

Plaintiffs also make the related argument that the 8/26/14 Order was procedurally improper because this Court should not have excluded broad categories of evidence in ruling on the

5

Motion to Strike.  The limitation of evidence in light of the ruling that the Third Amended Complaint does not contain substantive claims based on health and environmental effects was within this Court's discretion to control its docket by limiting the proceedings in this case to the claims actually contained in the Third Amended Complaint.  See generally Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir. 1995) ("District court judges must have ample discretion to control their dockets.").  This Court therefore DENIES Plaintiffs' Motion for Reconsideration as to their argument that the 8/26/14 Order was procedurally improper.

Plaintiffs also argue that this Court erred in its analysis of whether they have standing to pursue their environmental claims.  To the extent that Plaintiffs continue to assert that the Third Amended Complaint alleges substantive claims based on health and environmental effects and that they have standing to bring such claims, they are merely reiterating arguments that this Court previously considered and rejected in considering the Motion to Strike.  Although Plaintiffs disagree with this Court's rulings, their disagreement is not a sufficient ground for reconsideration of the 8/26/14 Order.  See Morris v. McHugh, 997 F. Supp. 2d 1144, 1172 (D. Hawai`i 2014) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").  This Court therefore DENIES Plaintiffs'

6

Motion for Reconsideration as to Plaintiffs' argument that the 8/26/14 Order's standing analysis was erroneous.

## II. **Exclusion of Evidence Relevant to Property Claims**

Plaintiffs also argue that, even if this Court does not reconsider its rulings regarding their claims based on health and environmental effects, this Court must reconsider its rulings precluding them from introducing the Contested Evidence in support of their property claims. Plaintiffs argue that, because this Court noted that their nuisance claim is the "central" claim, see 8/26/14 Order at *4, this Court ignored the fact that health and environmental effects are relevant to claims other than their nuisance claim. Plaintiffs' argument is misplaced.

This Court did not consider the relevance of the Contested Evidence only as to the nuisance claim. All of Plaintiffs' remaining claims rely on the same alleged injury as the central nuisance claim - the property damage that has resulted from the drift of dust and pesticides from the GMO Test Fields. This Court found that the Contested Evidence is relevant to Plaintiffs' remaining property claims. 8/26/14 Order, 2014 WL 4244221, at *4. That relevance, however, is outweighed by: 1) the undue delay of this action in general and the unnecessary prolonging of the trial by allowing Plaintiffs to pursue and present - and forcing Defendants to respond to - evidence regarding complex health and environmental issues; and 2) the

danger of potential jury confusion that would result from the presentation of such complex, and time consuming, evidence when there is no substantive claim based on either health or environmental effects. Plaintiffs' Motion for Reconsideration merely disagrees with this Court's Rule 403 ruling in the 8/26/14 Order, and that disagreement is not sufficient ground for reconsideration. This Court therefore DENIES Plaintiffs' Motion for Reconsideration as to Plaintiffs' argument that this Court failed to consider the relevance of health and environmental effects to claims other than their nuisance claim.

Finally, Plaintiffs argue that, even if this Court does not reconsider any of its rulings regarding health and environmental effects, this Court should reconsider its ruling excluding the Contested Experts' reports in their entirety. Plaintiffs argue that the Contested Experts address issues relevant to their claims for property damage, such as dust drift, and this Court should allow them to present those portions of the Contested Experts' reports.

Plaintiffs' argument has some logical appeal. Plaintiffs, however, designated the Contested Experts as addressing health and environmental effects. Plaintiffs stated:

> 1. Charles M Benbrook, Ph.D., . . . will testify as to agronomic systems and pest management practices and pesticide use, practices and their effect on environmental, public health and personal property for Waimea, Kauai..

>                [sic]
>
>           2.   Michael J. DiBartolomeis, Jr., Ph.D.,
>                DABT, . . . will testify as to pesticide use
>                and toxicology implications associated with
>                pesticide use for Waimea, Kauai.
>
>           3.   Susan Kegley, Ph.D., . . . will testify as to
>                the pesticide transport, drift, and fate for
>                Waimea, Kauai.
>
>                . . . .
>
>           6.   Lorrin Pang, M.D., MPH[,] . . . will testify
>                as to the public health concern created by
>                Pioneer's generation of pesticide drift and
>                fugitive dust for the Waimea community.
>
>           7.   Camille Sears . . . will testify as to the
>                dispersion of pesticides and their impact for
>                Waimea, Kauai.

[Pltfs.' Designation of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2), filed 3/13/14 (dkt. no. 674), at 2-3.] Plaintiffs' designation of the scope of the Contested Experts' testimony is broader than the claims that are before this Court, and this Court will not cull through the experts' extensive reports to identify the portions that may be relevant to those claims. This Court therefore DENIES the Motion for Reconsideration as to the admissibility of limited portions of the Contested Experts' reports.

This Court notes that, if Plaintiffs re-designate the Contested Experts to limit the scope of their testimony to Plaintiffs' remaining property claims and to exclude references to health and environmental effects, Plaintiffs can use the

9

limited portions of the Contested Experts' reports. However, this Court notes that Plaintiffs' expert witness disclosure deadline has passed. <u>See</u> Third Amended rule 16 Scheduling Order, filed 5/12/14 (dkt. no. 740), at ¶ 11.a. Although the parties have a trial re-setting conference before the magistrate judge on November 3, 2014, he might not re-open the parties' expert disclosure deadlines because, when this Court vacated the January 13, 2015 trial date, it only vacated the trial-related deadlines.[7] [EO, filed 10/20/14 (dkt. no. 842).] If the magistrate judge does not re-open the expert disclosure deadlines, Plaintiffs must either obtain a stipulation from Defendants or file a motion for an amendment of the scheduling order, which would require a showing of good cause pursuant to Fed. R. Civ. P. 16(b)(4).

## **CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion to Reconsider Order Granting Motion in Limine No. 1 re Health Effects (ECF 803), filed August 26, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

//

//

---

[7] This Court emphasizes that it expresses no opinion as to whether the magistrate judge should re-open the expert disclosure deadlines at the trial re-setting conference. That decision is within the magistrate judge's sound discretion.

DATED AT HONOLULU, HAWAII, October 31, 2014.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JIM AANA, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL 12-00231 LEK-BMK; JEFFREY CASEY, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL 12-00655 LEK-BMK; ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING MOTION IN LIMINE NO. 1 RE HEALTH EFFECTS (ECF 803)**