IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JIM AANA, et al., on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., a DuPont Business and Iowa Corporation, GAY & ROBINSON, INC., a Hawaii corporation; ROBINSON FAMILY PARTNERS, a general partnership registered in Hawaii; and DOE DEFENDANTS 1-10,<br><br>      Defendants.<br>_____<br>JEFFREY CASEY, et al., on behalf themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PIONEER HI-BRED INTERNATIONAL, INC., et al.,<br><br>      Defendants.<br>_____ | CIVIL NO. 12-00231 LEK-BMK<br>CIVIL NO. 12-00665 LEK-BMK |

**ORDER REGARDING LIABILITY OF A FARM
OPERATION THAT DOES NOT COMPLY WITH
<u>GENERALLY ACCEPTED AGRICULTURAL AND MANAGEMENT PRACTICES</u>**

       In the instant case, Defendant Pioneer Hi-Bred International, Inc. ("Defendant") has raised a defense under the Hawaii Right to Farm Act ("the Farm Act"), Haw. Rev. Stat.

Chapter 165. Specifically, Haw. Rev. Stat. § 165-4 provides that:

> No court, official, public servant, or public employee shall declare any farming operation a nuisance for any reason **if the farming operation has been conducted in a manner consistent with generally accepted agricultural and management practices**. There shall be a rebuttable presumption that a farming operation does not constitute a nuisance.

(Emphasis added.) At the March 30, 2015 status conference regarding trial exhibits, the parties pointed out that they have significantly different positions on the effect of non-compliance with generally accepted agricultural and management practices ("GAAMP"). This Court directed the parties to submit letter briefs on the issue. [Minutes, filed 3/30/15 (dkt. no. 981).] Defendant filed its letter brief on April 1, 2015. [Dkt. no. 991.] Plaintiffs Jim Aana, et al., on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), filed their letter brief on April 2, 2015. [Dkt. no. 997.]

Defendant's position is that, if Plaintiffs establish that Defendant failed to comply with GAAMP, and they prove all of the other elements of their claims, it is only liable for the dust impacts it created beyond the "dust impacts that would be caused by GAAMP-compliant farming." [Def.'s Letter Br. at 2.] In essence, Defendant contends that the Farm Act creates at least a partial immunity from nuisance claims for **all** farming

2

operations,[1] regardless of whether or not they comply with GAAMP. In contrast, Plaintiffs argue that "there is **no** language within

---

[1] Haw. Rev. Stat. § 165-2 states, in pertinent part:

"Farming operation" means a commercial agricultural . . . facility or pursuit conducted, in whole or in part, including . . . the planting, cultivating, harvesting, and processing of crops . . . . "Farming operation" includes but shall not be limited to:

(1) Agricultural-based commercial operations as described in section [205-2(d)(15)];

(2) Noises, odors, dust, and fumes emanating from a commercial agricultural or an aquacultural facility or pursuit;

(3) Operation of machinery and irrigation pumps;

(4) Ground and aerial seeding and spraying;

(5) The application of chemical fertilizers, conditioners, insecticides, pesticides, and herbicides; and

(6) The employment and use of labor.

. . . .

"Nuisance" means any interference with reasonable use and enjoyment of land, including but not limited to smoke, odors, dust, noise, or vibration; provided that nothing in this chapter shall in any way restrict or impede the authority of the State to protect the public health, safety, and welfare. "Nuisance" as used in this chapter, includes all claims that meet the requirements of this definition regardless of whether a complainant designates such claims as brought in nuisance, negligence, trespass, or any other area of law or equity . . . .

(Brackets in original.)

the Hawaii Right to farm Act that grants **any** immunity or privilege to non-GAAMP farmers and there is **absolutely no language** within HRS Chapter 165 that limits the damages that may be assessed against a non-GAAMP farmer." [Pltfs.' Letter Br. at 2 (emphases in original).]

## DISCUSSION

### I. Reliance on the Court's Prior Statements

This Court first notes that both letter briefs cite statements that this Court made during the March 3, 2015 hearing on the parties' motions in limine ("March 3 Hearing"). See March 3 Hearing Trans., filed 3/9/15 (dkt. no. 953), at 57-59. The issue currently before this Court, however, was not presented in the motions in limine that it addressed at the March 3 Hearing. Thus, any statements that this Court made regarding the issue during the March 3 Hearing were not substantive rulings, and this Court does not construe them as the law of the case. The instant Order supersedes this Court's statements concerning the GAAMP non-compliance issue at the March 3 Hearing.

### II. Effect of Non-compliance with GAAMP

This Court has diversity jurisdiction over the instant case and is bound by the decisions of the Hawai`i Supreme Court in ruling on substantive issues regarding Plaintiffs' state law claims. See Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Third Amended Complaint (Rule

4

12(b)(6)), 2014 WL 806224, at *13 (D. Hawai`i Feb. 27, 2014).[2]
The parties have not identified case law from any Hawai`i appellate court addressing the issue raised in the parties' letter briefs, and this Court is not aware of any.

In the absence of a governing state decision, a federal court attempts to predict how the highest state court would decide the issue, using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011); see also Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004) ("To the extent this case raises issues of first impression, our court, sitting in diversity, must use its best judgment to predict how the Hawai`i Supreme Court would decide the issue." (quotation and brackets omitted)). The parties, however, have not identified case law from any other jurisdiction addressing the current issue, and this Court is not aware of any. This Court will therefore determine the issue by applying the rules of statutory interpretation that the Hawai`i Supreme Court follows. See Order Denying Plaintiffs' Motion for Partial Summary Judgment to Dismiss Defendant Dupont Pioneer's Third Affirmative Defense Based on the Hawaii Right to Farm Act, Hawaii

---

[2] The February 27, 2014 order is also available at docket number 608.

Revised Statutes, Chapter 165 ("Farm Act Order"), 2014 WL 4956489, at *3 (D. Hawai`i Sept. 30, 2014).[3] The Farm Act Order described those principles as follows:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>
> Peterson v. Hawaii Elec. Light Co., Inc., 85 Hawai`i 322, 327-28, 944 P.2d 1265, 1270-71 (1997), *superseded on other grounds by* HRS § 269-15.5 (Supp. 1999) (block quotation format, brackets, citations, and quotation marks omitted).
>
> In the event of ambiguity in a statute, "the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." Id. (quoting HRS § 1-15(1) (1993)). Moreover, the courts may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law. See HRS § 1-15(2) (1993).

2014 WL 4956489, at *3 (quoting State v. Bayly, 118 Hawai`i 1, 6-7, 185 P.3d 186, 191-92 (2008)). Another fundamental principle of statutory interpretation under Hawai`i law is that "courts are

---

[3] The Farm Act Order is also available at docket number 825.

bound to give effect to all parts of a statute, and . . . no clause, sentence, or word shall be construed as superfluous, void, or insignificant."  See Beneficial Hawaii, Inc. v. Kida, 96 Hawai`i 289, 309, 30 P.3d 895, 915 (2001) (citations and quotation marks omitted).  "The canons of statutory construction also require this court to construe statutes so as to avoid absurd results."  Cnty. of Hawaii v. C & J Coupe Family Ltd. P'ship, 119 Hawai`i 352, 362, 198 P.3d 615, 625 (2008) (citations and internal quotation marks omitted).

Defendant's position is that the Farm Act gives every farming operation the right to cause a certain amount of effects that would otherwise constitute a nuisance, as that term is defined in the Farm Act.  Thus, under Defendant's interpretation, **all** farming operations - whether they comply with GAAMP or not - are immune from nuisance claims based upon the amount of farming effects that a farming operation that complies with GAAMP would cause.  This Court agrees with Plaintiffs that nothing in the plain language of the Farm Act supports this interpretation. Further, Defendant's interpretation is contrary to other well-established principles of statutory construction.  First, § 165-4 expressly states that a farming operation shall not be declared a nuisance "if the farming operation **has been conducted** in a manner consistent with" GAAMP.  (Emphasis added.)  Allowing at least partial immunity to farming operations that do not comply with

7

GAAMP would render the "has been conducted" language of § 165-4 superfluous.  In addition, Defendant's interpretation borders on the absurd because farming operations would have no incentive to comply with GAAMP if they received the same immunity whether they complied or not.  This Court acknowledges that: it is the State of Hawaii's policy "to foster attitudes and activities" that support farming; Haw. Rev. Stat. § 165-1 (internal quotation marks omitted); and the Farm Act "is remedial in nature and shall be liberally construed to effectuate its purposes[;]" Haw. Rev. Stat. § 165-6.  Even in light of these clear statements, however, this Court cannot find that the Hawai`i State Legislature intended the results that Defendant advocates.  This Court therefore predicts that the Hawai`i Supreme Court would reject the interpretation of the Farm Act that Defendant advocates in this case.

## CONCLUSION

On the basis of the foregoing, this Court CONCLUDES that, if a plaintiff proves that a defendant farming operation does not comply with generally accepted agricultural and management practices, the defendant does not receive any protection under the Hawaii Right to Farm Act, Haw. Rev. Stat. Chapter 165.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 3, 2015.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JIM AANA, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL 12-00231 LEK-BMK; JEFFREY CASEY, ET AL. VS. PIONEER HI-BRED INTERNATIONAL, INC., ET AL; CIVIL 12-00655 LEK-BMK;** ORDER REGARDING LIABILITY OF A FARM OPERATION THAT DOES NOT COMPLY WITH GENERALLY ACCEPTED AGRICULTURAL AND MANAGEMENT PRACTICES